IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                Case No. 23-10005-EFM

JOSHUA DAVID HAMILTON,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Joshua David Hamilton's Motion to Reduce Sentence (Doc. 33).[1] He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The Government opposes Defendant's motion for sentence reduction. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On July 12, 2023, Defendant pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and to possession of counterfeit United States currency, in violation of 18 U.S.C. § 472. On September 27, 2023, the Court sentenced Defendant

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

to 46 months' imprisonment. On November 15, 2024, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5] Relevant to the facts in this case, Part A of Amendment 821 limits the impact of "status points" if the instant offense was committed while under a criminal justice sentence.[6]

Defendant states that his sentence should be reduced because he is eligible for a status point reduction. Defendant is correct that he qualifies for a reduction in his criminal history score. Defendant previously received two points for committing the offense while under a criminal justice

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited December 19, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] U.S.S.G. § 4A1.1.

sentence. Under the current sentencing scheme, Defendant would receive only one point,[7] and thus his criminal history points would drop from nine to eight. However, despite Defendant having eight points, he would remain in criminal history category IV,[8] and his sentence would remain the same. Thus, he is ineligible for a reduction in sentence under Amendment 821. Accordingly, the Court dismisses Defendant's motion.[9]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction (Doc. 33) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *See* U.S.S.G. § 4A1.1(e) (stating that a defendant will receive an additional one point if the defendant "committed the instant offense while under any criminal justice sentence" and received seven or more points in the previous subsections). Under the amended guidelines, Defendant would only have seven points from the previous subsections, and thus he would receive one additional point for committing the offense while under a criminal justice sentence.

[8] A criminal history score of seven, eight, or nine is in criminal history category IV. The guideline range for criminal history category IV and offense level 21 is 57 to 71 months' imprisonment.

[9] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).