#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                              Case No. 23-10005-EFM

JOSHUA DAVID HAMILTON,

    *Defendant.*

#### MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Joshua David Hamilton's Motion for Reduction in Sentence/Compassionate Release (Doc. 38). He seeks early release from prison to care for his ailing mother and due to the recent death of his daughter. The Government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

#### I.      Factual and Procedural Background

On July 12, 2023, Defendant pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and to possession of counterfeit United States currency, in violation of 18 U.S.C. § 472. On September 11, 2023, a modified Presentence Investigation Report was filed. Based on Defendant's total offense level of 21 and his criminal history category of IV, Defendant's guideline imprisonment range was 57 to 71 months.

On September 27, 2023, the Court sentenced Defendant to 46 months' imprisonment. Defendant is set to be released from Bureau of Prisons' custody on April 10, 2026. On December 4, 2024, Defendant filed a Motion for Compassionate Release.[1] He seeks early release from prison claiming that he is the only available caregiver for his ailing mother. In addition, he seeks release due to his daughter's recent death. The Government opposes Defendant's motion.

## II.     Legal Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), allows a defendant to seek early release from prison provided certain conditions are met. First, a motion for compassionate release may only be filed if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf;" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, district courts use a three-part test when deciding a defendant's motion.[4] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) any reduction is

---

[1] Defendant also recently filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821. The Court dismissed Defendant's motion because Defendant's status point reduction of one point did not change his criminal history category, and thus it did not change his sentence.

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5] If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[6] If, however, the Court grants the motion, the Court must address all steps.[7]

### III.   Analysis

Defendant requests early release from prison to care for his ailing mother and due to the recent death of his daughter. The Government asserts that Defendant is not an appropriate candidate for a sentence reduction. The Court agrees with the Government and finds that Defendant cannot establish an extraordinary and compelling reason warranting a reduction in sentence.

**A.   Exhaustion**

Defendant submitted a compassionate release request to the Warden of his facility on October 21, 2024. The Government concedes that Defendant meets the exhaustion requirement. Thus, the Court finds that Defendant has satisfied the exhaustion requirement in § 3582(c) and will proceed to determine the merits of Defendant's motion.[8]

---

[5] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

[6] *Id.* at 1043 (citation omitted); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[7] *McGee*, 992 F.3d at 1043 (citation omitted).

[8] Administrative exhaustion is a claim-processing rule, and it can be waived if not asserted by the government. *See Hemmelgarn*, 15 F.4th at 1031.

### B.  Extraordinary and Compelling Reasons

In determining whether a defendant presents an extraordinary and compelling reason warranting a sentence reduction, the Court considers whether the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[9]  On November 1, 2023, the Sentencing Commission issued new sentencing guidelines, including a policy statement, which is now included within the text of the guidelines.[10]  Some of the circumstances that may be relevant when deciding if a defendant presents an extraordinary and compelling reason for a sentence reduction include: (1) the medical circumstances of the defendant; (2) the age of the defendant and a serious deterioration in health; (3) the family circumstances of the defendant; (4) the defendant was the victim of sexual or physical abuse while incarcerated by or at the direction of an employee of the correctional facility; and (5) any other circumstances or combination of circumstances that are similar in gravity to the first four circumstances.[11]  In addition, an unusually long sentence may be a consideration but only if there has been a change in the law; the defendant has served at least ten years of the unusually long sentence; and the change in law would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed."[12]

In this case, Defendant requests compassionate release to take care of his mother. He asserts that she has been diagnosed with COPD, lupus, and is in liver failure. Defendant asserts that his

---

[9] 18 U.S.C. § 3582(c)(1); *see also McGee*, 992 F.3d at 1042.

[10] *See* U.S.S.G. § 1B1.13.

[11] *Id*. § (b)(1)-(5).

[12] *Id*. § (b)(6).

mother's husband is a truck driver, often working out of town, and cannot take care of her full time. In addition, Defendant's two sisters cannot provide full-time assistance because of their work and having children of their own.

Section § 1B1.13(b)(3)(C) provides that "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" may be an extraordinary and compelling reason for release. The plain language of § 1B1.13(b)(3)(C), however, requires that Defendant be the *only* available caregiver.[13] Defendant fails to make this demonstration. Although Defendant asserts that his mother's husband frequently works out of town and that his two sisters work and have families of their own, the fact remains that these three individuals are available to help. The Court is sympathetic to Defendant's family circumstances and recognizes the difficulties imposed on Defendant's sisters and Defendant's mother's husband in caring for Defendant's mother, but Defendant simply cannot establish that he is the only available caregiver.[14] Thus, this reason does not constitute an extraordinary and compelling reason warranting release.

Defendant next asserts that the recent tragic death of his daughter also justifies an early release from prison. Again, the Court is sympathetic to Defendant's loss and offers its condolences. Unfortunately, the death of a family member does not constitute an extraordinary and compelling

---

[13] U.S.S.G. § 1B1.13(b)(3)(C); *see also United States v. Davis*, 2024 WL 4436600, at *2 (D. Kan. Oct. 7, 2024) (finding that the defendant was not the only available caregiver because the defendant's three sisters could help even though the sisters had busy lives and thus denying the defendant's request for early release).

[14] The Court also notes that Defendant states that he has obtained a part-time job at a trucking company at which he could work when not taking care of his mother. As the Government notes, working part-time seems to place Defendant in the same situation as his siblings of being able to take care of his mother. Thus, this consideration is an additional reason for finding that Defendant does not establish an extraordinary and compelling reason.

reason for a sentence reduction.[15] Accordingly, the Court denies Defendant's request for early release.

**IT IS THEREFORE ORDERED** that Defendant Joshua David Hamilton's Motion for Reduction in Sentence/Compassionate Release (Doc. 38) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[15] *See United States v. Waring*, 2022 WL 2236334, at *4 (S.D.N.Y. June 22, 2022) (stating that "the death of a family member, on its own, is not an extraordinary and compelling reason for sentence reduction.").